UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAUDE PEA** | **CIVIL ACTION** |
| **VERSUS** | **NO:    13-0542** |
| **CITY OF PONCHATOULA, ET AL.** | **SECTION: "A" (4)** |

### ORDER

Before the Court is a **Motion to Compel Discovery (R. Doc. 14)**, filed by Defendants, the City of Ponchatoula, and Robert F. Zabbia (collectively "Defendants"), seeking an order from this Court compelling Plaintiff, Claude Pea ("Pea") to respond to its Interrogatories and Requests for Production of Documents. *Id.* The motion is opposed. *See* R. Doc. 16. A reply to the opposition has been filed. *See* R. Doc. 21. The motion was originally scheduled to be heard on the briefs on January 15, 2014, but rescheduled and heard by oral argument on January 22, 2014.

**I.    Background**

Pea filed the instant action pursuant to 42 U.S.C. § 2000e-5, the Equal Employment Opportunities Commission ("EEOC") enforcement provision for Title VII Civil Rights disputes, against the City of Ponchatoula ("the City"), and its duly elected Mayor, Robert Zabbia ("Zabbia"). *See* R. Doc. 1, p. 2, ¶¶ 4-5. Pea was allegedly employed as a maintenance worker in the Street Department of the City for over thirty years until his employment was terminated by Zabbia on or about March 26, 2012, for allegedly supporting another mayoral candidate other than Zabbia for election. *See id.,* at ¶29.

As to the instant motion, Defendants collectively argue that they propounded Interrogatories and Requests for Production of Documents on September 18, 2013. *See* R. Doc. 14-1, p. 1. Upon Pea's alleged failure to respond, Defendants contend that a "Rule 37(a)(1) discovery conference was set and plaintiff requested additional time to provide responses." *Id.* Although the date, or the additional time is not provided for the Court, the Defendants contend that this additional time has now lapsed as well, as seeks this Court compel Pea to respond to its discovery requests.

In opposition, Pea states that he provided responsive documents of initial disclosures on December 4, 2013, and responded with written responses on January 7, 2014. *See* R. Doc. 16 p. 1. Therefore it contends that the Defendants motion is now moot.

On January 20, 2014, Defendants filed a reply, which argued that some of Pea's responses remain deficient, as they refer generally to information or documents previously produced to Defendants, but do not specify where in the "undifferentiated mass of records" these particular records are located. *See* R. Doc. 19-1, p. 1-2. Therefore, Defendants seek an Order from this Court compelling Pea to respond with sufficiency to Interrogatory Numbers: 3, 4, 7, 8, 10, 11, 17, 18 and Request for Production Number 12.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437

2

U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 33(d) provides that if the answer to an interrogatory can be determined by "examining ... (or) compiling a party's business records, and if the burden of … ascertaining such answer is substantially (similar) for either party, the responding party may answer by: specifying in the records… in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Id.* at 33(d)(emphasis added).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information ... stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). Although Rule 34 does

3

not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. Fed.R.Civ.P. 37(a)(3)(B). Rule 37 also provides, "[i]f the motion is granted—or if the ... requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the Court finds that the opposing party's nondisclosure was "substantially justified, or that other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A). Rule 37 sanctions are ultimately guided by the purpose of reimbursing the movant and deterring further discovery violations. *See Day v. Allstate Insurance Co.,* 788 F.2d 1110, 1114 (5th Cir. 1986).

### III.  Analysis

In support of its motion, Defendants contend that Pea failed to submit timely responses to its discovery requests which were propounded on September 18, 2013. *See id.* As a result, the Defendants contend that the Plaintiff must be compelled to respond completely.

In opposition, Pea states that he provided responsive documents of initial disclosures on December 4, 2013, and responded with written responses on January 7, 2014. *See* R. Doc. 16 p. 1. Therefore it contends that the Defendants motion is now moot.

On January 20, 2014, Defendants sought leave to file a reply memorandum in support of its motion to compel, arguing that some of Pea's responses remain deficient, as they refer generally to

4

information or documents previously produced, but do not specify where in the "undifferentiated mass of records" produced to Defendants, these particular records are located. *See* R. Doc. 19-1, p. 1-2. (*See also Keybank Nat. Ass'n v. Perkins Rowe Ass., LLC.,* 09-497, 2011 WL 765925 (M.D. La. Feb 25, 2011) (where a party answered an interrogatory by generally referring to information or documents previously provided did not satisfy the requirement that the answer be made fully, in writing, under oath and signed by the party in accordance with Fed. R. Civ. P. 33 and 34). Therefore, Defendants seek an Order from this Court compelling Pea to respond with sufficiency to Interrogatory Numbers: 3, 4, 7, 8, 10, 11, 17, 18 and Request for Production Number 12.

During oral argument counsel for Defendants indicated that Request for Production Number 12 is not at issue, but that Request for Production Number 13 is what is actually at issue. As such, the motion to compel as to Request for Production Number 12 is denied as moot.

The Court shall analyze the merits of Defendants' argument as to Interrogatory Numbers 3, 4, 7, 8, 10, 11, 17, 18, and Request for Production Number 13 in turn.

### A.  **Interrogatory Numbers 3 and 4:**

Interrogatory Numbers 3 and 4 both sought the identity, name, address and phone numbers of eyewitnesses to the alleged occurrences upon which this action is based, as well as other people with any knowledge thereof.

Plaintiff, Pea's response for both of these interrogatories directed defendants that the identities of the people with such knowledge were already identified in the Plaintiff's initial disclosures. Therefore, Pea believed that his response was sufficient. *See* R. Doc. 16-3, p. 2. During oral argument, counsel for defendants contended that he needed more information from Pea, as his response merely referenced the initial disclosures, which provided only the names of the potential eyewitnesses, which is insufficient for them to be able to identify, contact and locate the witnesses. Counsel for Pea responded that he may not be able to track down all this information, and that he believed his response

referencing the initial disclosures was sufficient.

The Court finds that Plaintiff's response to Interrogatory Number 3 is insufficient and must be supplemented to provide the phone numbers, addresses and location of the eyewitnesses listed as a part of Plaintiff's responses to initial disclosures. The Court also finds that to the degree Plaintiff knows the location of an eyewitness at the time of the occurrence he or she allegedly witnesses, he must supplement his response with this information as well. Because of the large overlap between the two interrogatories, the Court found that in light of its decision compelling Plaintiff to supplement its response to Interrogatory Number 3, Plaintiff's response to Interrogatory Number 4 is sufficient.

### B. **Interrogatory Number 7:**

Interrogatory Number 7 sought a complete statement of facts of the case from the Plaintiff's point of view, and, also to describe how each of the parties propounding these Interrogatories was allegedly involved in or allegedly caused or contributed to the happening of the alleged occurrences.

Plaintiff, Pea's response directed defendants to see the information that was provided to the Equal Employment Opportunity Commission (EEOC). *See* R. Doc. 16-3, p. 2. During oral argument, counsel for Pea contended that his response was sufficient, as he had produced Pea's entire EEOC file to the defendants, which consisted of approximately thirty (30) pages, including the intake questionnaire, which provides responsive information to their request.

Defendants' represented that it had in fact received the EEOC file, but that it had received any written responses to this Interrogatory.

The Court finds that because Plaintiff produced the entire EEOC file, it need not reproduce any documents to Defendants, rather, it must simply identify the intake questionnaire for Defendants.

### C. **Interrogatory Numbers 8, 10, 11 and Request for Production Number 13**:

During oral argument, the Court combined Interrogatory Numbers 8, 10, and 11, as well as

Request for Production Number 13,[1] together, as they sought a form of damage calculations and or description of the nature and extent of the damages which Plaintiff allegedly suffered.

While Plaintiff indicated in his written responses that he produced the records, he confirmed during the hearing that the only documents which were produced were his tax returns. The returns were purportedly proof of lost wages, but did not prove any other damages sought by the Interrogatories or Request for Production Number 13.

The Court finds Plaintiff's response to request number 13 is insufficient, as income tax returns in and of themselves are an insufficient response to substantiate Plaintiff's damages claim, as plaintiff seeks damages for back-owed wages, future wages, future loss of earnings, future compensatory damages, among other general damages. As a result, the Plaintiff shall supplement this response by identifying with particularity the documents that have already been produced, which substantiate Plaintiff's damages claims. To the extent these documents have not yet been produced, Plaintiff is also ordered to supplement the response with those documents as well.

---

[1] Request for Production Number 13 sought "[c]opies of any records or documents allegedly reflecting and / or substantiating the damages which you claim were suffered by plaintiff herein," as all of these discovery requests are intertwined. *See* R. Doc. 14-3, p. 10.

**Interrogatory Number 8**: State with precision the nature and extent of any damages which you claim you have suffered as a result of the occurrences upon which the above entitled and numbered matter is based. As to each item of damage which you claim, state its dollar value, how it is calculated, and the date(s) upon which it was incurred or is expected to be incurred. Plaintiff, Pea's response reads as follows: "All persons with knowledge were identified in the initial disclosures." *See* R. Doc. 16-3, p. 2.

**Interrogatory Number 10:** If you contend that the alleged occurrences upon which the above entitled and numbered matter is based resulted in any loss of time, income, earnings or loss of earning capacity from any business, occupation or employment, give precise details, stating the amount claimed as earnings therefore, your duties and position, the exact dates on which you were prevented from pursuing that income, your rate of pay or earnings during such time, the method by which you compute the amounts and figures used in that computation, and the identity of any of your employers. Plaintiff, Pea's response reads as follows: "All persons with knowledge were identified in the initial disclosures." *See* R. Doc. 16-3, p. 3.

**Interrogatory Number 11:** State whether you have within your control, or have knowledge of, any transcripts of testimony in any proceeding arising out of the alleged occurrences upon which the above entitled and numbered matter is based. If so, state the date, the subject matter, the name and business address of the person recording said testimony and the name and address of person who has present possession of each said transcript of testimony. Plaintiff, Pea's response read as follows: "Copies of my tax returns in my possession have been produced. I will sign an authorization to obtain copies on presentation of same." *See id.* at p. 3.

Because of the interrelated nature of Interrogatory Numbers 8, 10, and 11, with Request for Production Number 13, the Court finds that Plaintiff's responses to Interrogatories 8, 10, and 11 are sufficient in light of Plaintiff's supplementation of its response to Request for Production Number 13.

### D.      **Interrogatory Numbers 17 and 18:**

Interrogatory Numbers 17 and 18 sought both a listing of exhibits and a production of exhibits of evidence that Plaintiff intends to use at trial.

In response to these interrogatories, Plaintiff stated that he already provided a copy of all the documents he had about his case or in his EEOC file, that were in his possession. *See* R. Doc. 16-3, p. 3-4. During oral argument counsel for Defendants admitted that responsive documents had in fact been received.

Rule 16 of the Federal Rules of Civil Procedure governs the deadlines and dates set by the Court. A scheduling order controls the subsequent course of an action unless it is modified by the court. *See E.E.O.C. v. Bonneville Hot Springs, Inc.,* No. 07-5321, 2008 WL 3891272 (W.D. Wash. at *1 (W.D. Wash. Aug. 19, 2008); citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). The Court's Scheduling Order also governs the timing and disclosure of witness and exhibit lists. *Id. See also Rainbow Play Sys., Inc., v. Backyard Ventures Mgmt.,* No. 06-4166, 2008 WL 4372978 at *2 (D.S.D. Sept. 22, 2008).

Based on the foregoing, this Court finds that Plaintiff's response is sufficient as provided, as the production of evidentiary documents are governed by the Court's Scheduling Order, and do not have to be produced before the deadlines provided there. *See e.g.,* Fed. R. Civ. P. 16; *Stansbury v. E-Z Serve Convenience Stores*, No. 96-1099, 1997 WL 10159 (E.D. La. Jan. 10, 1997); *Derouselle*

*v. Wal-Mart Stores, Inc.*, 934 F. Supp. 214 (W.D. La. 1996).[2]

Accordingly,

**IT IS ORDERED** that Defendants' the City of Ponchatoula, et al.'s **Motion to Compel Discovery (R. Doc. 14)** is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT**.

**IT IS GRANTED** as to Interrogatory Numbers 3 and 7, and Request for Production Number 13 as set forth in detail above, no later than ten (10) days from the issuance of this Order.

**IT IS DENIED** as to Interrogatory Numbers 4, 8, 10, 11, 17 and 18.

**IT IS DENIED AS MOOT** as to Request for Production Number 12.

New Orleans, Louisiana, this 4th day of February 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This Court issued a Scheduling Order on August 15, 2013. *See* R. Doc. 23. This Order was vacated after a status conference with the presiding district judge on January 23, 2014, continuing the trial and staying all the previously set deadlines. *See* R. Doc. 23.