UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDE PEA | CIVIL ACTION |
| VERSUS | NO: 13-542 |
| CITY OF PONCHATOULA & ROBERT F. ZABBIA | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 25)** filed by defendants the City of Ponchatoula and Robert F. Zabbia. Plaintiff Claude Pea opposes the motion. The motion, noticed for submission on February 26, 2014, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

### I. Background

Plaintiff Claude Pea has filed suit against his former employer, the City of Ponchatoula, and its mayor, Robert F. Zabbia. On Monday, March 26, 2012, defendant Zabbia fired Pea. (Rec. Doc. 1, Complaint ¶ 29). Pea contends that Zabbia terminated him solely in retaliation for Pea's support of another mayoral candidate in the March 2012 election. (*Id.* ¶ 42). Pea has asserted a claim against Zabbia in his individual capacity under 42 U.S.C. § 1983 claiming that he was terminated in violation of his First Amendment rights.

Pea also claims that as early as 2008 Zabbia commenced an effort to force him to either quit or retire. (*Id.* ¶ 11). Pea claims that Zabbia deprived him of the opportunity to work lucrative after hours call-outs, (*Id.* ¶¶ 12-15), and that his earnings gradually declined from 2009 to 2012, (*Id.* ¶¶ 16-18). Pea also alleges racially discriminatory treatment with respect to cell phone usage, (*Id.* ¶¶ 19-21), and vacation leave, (*Id.* ¶¶ 22-23). Pea asserts a

1

Title VII claim for disparate treatment based on race, (*Id.* ¶53), and a claim for age discrimination under the ADEA, (*Id.* ¶ 49).

Finally, Pea asserts a state law claim under La. R.S. § 23:961, which generally prohibits an employer from interfering with an employee's right to participate in political activity. (*Id.* ¶ 56).

A jury trial is scheduled to commence on September 8, 2014.

## II.     Defendants' Motion for Summary Judgment

Via the instant motion Defendants move for judgment as a matter of law on all causes of action. For purposes of the motion, the following questions of fact/law are undisputed: 1) Effective October 1, 2009, Pea elected to participate in the State's DROP[1] for state and municipal employees; 2) Pea was eligible to participate in DROP for a period not to exceed three years, which would end on October 1, 2012; 3) On February 8, 2012, Pea indicated in writing that he had decided to retire and that his last day of employment would be March 28, 2012 (Rec. Doc. 25-5, Def. Exh. C); 4) Pea was paid by the City of Ponchatoula through March 28, 2012, the date of termination; and 5) Pea's regular retirement checks began going out to him on March 31, 2012.

Regarding the § 1983 claim for wrongful termination, Zabbia argues that Pea was not "terminated" from anything because he had already planned to voluntarily retire effective March 28, 2012. The City of Ponchatoula ("the City") argues that the causes of action grounded on reductions in salary, overtime call-out assignments, and vacation leave all occurred in 2010 and 2011 are therefore prescribed. Finally, Defendants alternatively argue that any decisions by Zabbia regarding Pea's employment were discretionary acts and therefore entitle Defendants to immunity.

---

[1] <u>D</u>eferred <u>R</u>etirement <u>O</u>ption <u>P</u>lan

**III.    Discussion**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Pea was planning to have his last day of employment on March 28, 2012, but he was terminated on March 26, 2012. The fact of termination is undisputed and Zabbia makes no attempt to explain why he fired Pea. Therefore, the Court assumes as true Pea's contention that he was in fact terminated for supporting Zabbia's opponent in the mayoral election.

To state a claim under 42 U.S.C. § 1983 a plaintiff must 1) allege a violation of a right secured by the Constitution or laws of the United States, and 2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Doe v. Covington*

*County Sch. Dist.*, 675 F.3d 849, 854-55 (5th Cir. 2012) (*quoting James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)). An at-will public employee may not be discharged for exercising his First Amendment right to freedom of expression. *Cabrol v. Town of Youngsville*, 106 F.3d 101, 108 (5th Cir. 1997) (*citing Thompson v. City of Starkville*, 901 F.2d 456, 460 (5th Cir. 1990)).

Zabbia cites no authority whatsoever for the proposition that a § 1983 claim did not accrue on March 26, 2012, when he fired Pea.[2] That Pea had intended to retire anyway two days later, and that he was paid through March 28th may go to the issue of damages but these facts do not negate an otherwise valid cause of action for wrongful termination under § 1983.[3]

Zabbia makes various immunity arguments based on state and federal standards. State immunities are irrelevant for purposes of a § 1983 qualified immunity analysis, and under federal law only individual defendants are entitled to claim qualified immunity.[4] The

---

[2] The sole authority that Zabbia cites is *Smith v. Evangeline Parish School Board*, 663 So. 2d 281 (La. App. 3d Cir. 1995), and Zabbia cites this decision for the proposition that a plaintiff cannot sue for wrongful termination after he voluntarily retires. The *Smith* decision is wholly inapposite to Pea's claim because the cause of action in *Smith* arose under state law not under § 1983. A § 1983 cause of action is governed by federal law not state law.

[3] Pea contends that the election to leave his job on March 28th was not an irrevocable one and that he lost the ability to withdraw that election and continue working once Zabbia fired him. Pea believes that up until March 28, 2012, he could have withdrawn the retirement election and continued working through October 1, 2012, which would constitute the full 36 months allowable under the DROP program.
Defendant did not take issue with this contention and the Court expresses no opinion as to what the DROP program does or does not allow. Pea attached a copy of the DROP handbook to his opposition memorandum but he does not direct the Court's attention to any specific section of the manual.

[4] Actually, Pea has not sued the municipality of the City of Ponchatoula under § 1983 for his wrongful termination because there is no allegation that the termination resulted from an official policy of the City. And § 1983 does not allow for vicarious liability. Therefore, Zabbia in his personal capacity is the sole defendant as to the § 1983 cause of action.

question then is whether Zabbia is entitled to qualified immunity on the § 1983 claim.

Qualified immunity immunizes government officials acting within their discretionary authority from civil damages if their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known. *Modica v. Taylor*, 465 F.3d 174, 179 (5th Cir. 2006) (*citing Hernandez v. Tex. Dep't of Prot. & Reg. Servs.*, 380 F.3d 872, 879 (5th Cir. 2004)). The qualified immunity determination is a two-step inquiry. *Id.* First, the court must determine whether the plaintiff's allegations, if true, establish a violation of a clearly established right. *Id.* Second, if the plaintiff has alleged such a violation, the court must then decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident. *Id.* Even if the government official's conduct violates a clearly established federal right, the official is nevertheless entitled to qualified immunity if his conduct was objectively reasonable. *Id.* Once the defense is invoked, the burden rests with the plaintiff to demonstrate that it does not apply. *Id.* (*quoting Attebury v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005)).

Pea alleges all of the elements of a § 1983 First Amendment retaliatory discharge/wrongful termination claim: 1) he suffered an adverse employment action; 2) his speech involved a matter of public concern; 3) his interest in commenting on matters of public concern outweighed the employer's interest in promoting efficiency; and 4) his speech motivated the employer's adverse decision. *Modica*, 465 F.3d at 179-80 (*citing Johnson v. Louisiana*, 369 F.3d 826, 830 (5th Cir. 2004)). Zabbia has not challenged any of these assertions. Therefore, Pea has established a violation of a clearly established right, which is the first step in the qualified immunity determination.

As for the second step of the inquiry, Zabbia's conduct was not objectively reasonable in light of clearly established law at the time of the incident. An official in Zabbia's position

5

should have known that he could not terminate Pea's employment with the City solely because Pea supported another mayoral candidate. Zabbia seemingly takes the position that entitlement to qualified immunity turns solely on whether the act at issue was discretionary in nature. But discretionary decision making is only a threshold requirement that makes the defense potentially available. Because Pea has successfully satisfied both steps of the qualified immunity analysis, Zabbia's motion for summary judgment on the § 1983 claim is DENIED.

Defendants argue that Pea's other federal claims are prescribed because § 1983 claims are subject to Louisiana's one year liberative prescriptive period governing torts. (Rec. Doc. 25-2, Defendants' Memo in Support, unnumbered page 3 of 7). But Pea's remaining federal claims are not brought under § 1983 but rather under the ADEA and Title VII. Defendants did not cite or discuss the law relevant to these causes of action. The motion is therefore DENIED as to the timeliness of Pea's remaining federal claims.

Defendants argue that La. R.S. 9:2798.1 provides immunity to them for Zabbia's decision to fire Pea. Because a state immunity statute cannot eviscerate liability for a federal § 1983 cause of action, *see Duncan v. Miss. Bd. of Nursing*, 982 F. Supp. 2d 425, 434 (S.D. Miss. 1997) (*citing Cantu v. Rocha*, 77 F.3d 795, 805 (5th Cir. 1996)), § 9:2798.1 can only potentially be relevant with respect to Pea's state law claim under La. R.S. § 23:961, regarding political rights and freedom. Generally, this statute prohibits an employer from taking punitive actions against an employee who engages in political activity, and it allows the aggrieved employee a cause of action for damages. La. Rev. Stat. Ann. § 23:961 (West 2010).

The immunity statute provides that "[l]iability shall not be imposed on public entities or their officers [] based upon the exercise or performance . . . [of] their policymaking or

discretionary acts when such acts are withing the course and scope of their lawful powers and duties." La. Rev. Stat. Ann. § 9:2798.1(B) (West 2009). The government bears the burden of proving that this statutory immunity applies.[5] *Batton v. Georgia Gulf*, 261 F. Supp. 2d 575, 600 (M.D. La. 2003) (*citing Simeon v. Doe*, 618 So. 2d 848 (La. 1993)); *Johnson v. Orleans Par. Sch. Bd.*, 975 So. 2d 698, 710 (La. App. 4th Cir. 2008).

Like qualified immunity under federal law, the analysis for state immunity under § 9:2798.1(B) *begins with* a discretionary decision because absent discretion there can be no immunity. *See Johnson*, 975 So. 2d at 709-10. In fact, the analysis for state immunity under § 9:2798.1(B) involves a two-step inquiry that the defendant must satisfy in order to demonstrate that the specific discretionary act at issue is immunized. *Simeon*, 618 So. 2d at 852 (*citing Fowler v. Roberts*, 556 So. 2d 1 (La. 1989)). The first step requires a determination that the decision at issue was discretionary. *Id.* If the decision was discretionary then the second step requires a showing that the decision was grounded in "social, economic or political policy." *Id.* at 853.

As with their qualified immunity argument vis-à-vis the § 1983 cause of action, Defendants seem to believe that an exercise in discretion ipso facto immunizes them from all liability flowing from that decision. This position is contrary to Louisiana law. Defendants have made no effort to explain how Zabbia's decision to terminate Pea was grounded in policy.[6] The motion is therefore DENIED as to the state law claim.

---

[5] Defendants erroneously argue that it would be Pea's burden to prove that the immunity does not apply. (Rec. Doc. 25-2, Defendants' Memo in Support, unnumbered page 4 of 7). Pea's burden to prove inapplicability under § 9:2798.1(C) would only trigger once Defendants have met their burden of proving that they are entitled to immunity under § 2798.1(B). Defendants have not met that burden.

[6] Defendants do make arguments relevant to the second step of the state immunity inquiry but those arguments relate to the claims grounded on the allegations of disparate treatment with respect to cell phones and call-out assignments. (Rec. Doc. 25-2, Defendants'

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 25)** filed by defendants the City of Ponchatoula and Robert F. Zabbia is **DENIED.**

March 17, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

Memo in Support, unnumbered page 5 of 7). But the causes of action for these alleged instances of disparate treatment are not based on state law to which state immunity can apply. Again, there is only one state law claim alleged in the complaint and that's the cause of action under La. R.S. § 23:961 which pertains to retaliation for political activity. The mayoral election that Pea was allegedly involved with occurred in 2012 and Defendants themselves point out that the incidents pertaining to cell phones and call-out assignments occurred in either 2010 or 2011. Therefore, the sole claim being brought under La. R.S. § 23:961, and therefore the sole claim potentially covered by state immunity, is the claim that Pea was fired for supporting Zabbia's opponent.